

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-14-2003

# USA v. Stewart

Precedential or Non-Precedential: Non-Precedential

Docket 01-2571

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Stewart" (2003). *2003 Decisions.* Paper 883.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/883

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 01-2571, 01-2764, 01-2765
_____

UNITED STATES OF AMERICA

vs.

ALLEN W. STEWART,

Appellant at Nos. 01-2571
and 01-2764

_____

UNITED STATES OF AMERICA

vs.

TARTAN HOLDINGS, LTD.,

Appellant at No. 01-2765

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Criminal Nos. 96-cr-00583-1 and 96-cr-00583-8)
District Judge:  The Honorable Harvey Bartle, III

_____

Submitted Under Third Circuit LAR 34.1(a)
December 16, 2002

(Filed: January 13, 2003)

_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Too much has been written about this case already. Hence, we will introduce this opinion by saying only that Appellant, Allen A. Stewart, was convicted of federal mail fraud, wire fraud, and money laundering charges, and 135 counts of violating the Racketeer Influenced and Corrupt Organizations Act, sentenced to 15 years' imprisonment and stripped of his ill-gotten gains, which included his interest in Conestoga Life Assurance Company. The District Court found that Stewart's corporation, Tartan Holdings, Ltd. was an alter ego of Stewart, and dismissed Appellant Tartan's third-party petition claiming an interest in Conestoga. The District Court appointed Appellee Buck and Associates as the trustee to operate and sell Conestoga and other assets that Stewart was ordered to disgorge, and then to distribute the proceeds to Stewart's victims.

Stewart appealed both his conviction and the forfeiture orders. We affirmed. *United States v. Stewart*, 185 F.3d 112 (3d Cir. 1999).[1] The appeals now before us are

_____

1       As to the appeal on Stewart's 2255 petition, filed at No. 01-3048, we denied the certificate of appealability on August 29, 2002, and his petition for en banc reconsideration was also denied.

frivolous and amount to no more than a rehash of matters already decided on appeal, and issues which are barred by time limits. Essentially, Stewart and Tartan again challenge Stewart's sentence, reassert an interest in the assets of Conestoga, and seek to activate their claims against Buck and Associates for alleged mismanagement of Conestoga's assets. We will dismiss the appeals filed at Nos. 01-2764 and 01-2765, and affirm the order of the District Court denying Stewart's Rule 33 motion for a new trial, the appeal of which was filed at No. 01-2571.

Although styled as an appeal of the District Court's June 20, 2001 order, Stewart and Tartan are attempting to relitigate a number of earlier final orders. These arguments are untimely and cannot be raised on appeal. First, they attempt to raise questions concerning the Judgment and Supplemental Preliminary Order of Forfeiture dated March 26, 1998, which was made final as part of the Judgment and Commitment Order dated August 13, 1998. Second, Stewart and Tartan apparently challenge the Order of Restitution dated August 13, 1998, which was also made part of the Judgment and Commitment Order. These arguments are specious. They cannot re-appeal Stewart's sentence, including the Order of Forfeiture and Order of Restitution, as Stewart has already exhausted his rights of appeal as to those orders. They have already appealed these issues and lost. We will dismiss this appeal as frivolous.[2]

---

2       This appeal is also filed far too late.

3

Third, Stewart and Tartan appeal the District Court's order of December 7, 2000, granting Buck and Associates' Motion to Discharge and Release Trustee, and Authorizing the Sale of Trust Assets. That order was certified as final pursuant to F.R.C.P. 54(b). But, Stewart and Tartan did not appeal it until June 30, 2001. This appeal will likewise be dismissed as untimely.

The fourth order Stewart and Tartan appeal is the order of the District Court dated June 20, 2001, rejecting Stewart and Tartan's claims against the Trustee for alleged mismanagement of the assets. Here, they have no interest in the assets. They simply lack standing to mount a claim against the forfeited assets.

Tangentially, Stewart and Tartan's next claim is that more should have been realized from the sale of the seized assets. For the reasons stated in the foregoing paragraph, this argument, too, is frivolous. Moreover, Stewart is not entitled to receive a credit on his court-ordered restitution for amounts that theoretically could have been obtained from the sale of his ill-gotten gains. Stewart's restitution obligation cannot be offset by amounts that were not actually received by his victims.

Finally, Stewart's contention that the District Court erred by failing to order a new trial on his Rule 33 motion, is without a scintilla of factual or legal support. We decline to say more than simply to refer the parties to the reasons given by Judge Bartle in his succinct opinion and order (attached as Exhibit A to Appellant's brief), rejecting the claim.

In summary, we will dismiss the appeals filed at Nos. 01-2764 and 01-2765, and affirm the order of the District Court denying Stewart's Rule 33 motion for a new trial, the appeal of which was filed at No. 01-2571.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/Richard L. Nygaard
Circuit Judge